UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DONNA BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:25-CV-374-TAV-DCP |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is defendant's motion to dismiss [Doc. 3]. Defendant moves the Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6) [*Id.*]. Plaintiff has not responded, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, defendant's motion [Doc. 3] will be **GRANTED**, and this case will be **DISMISSED**.

**I.  Background**

On April 30, 2025, plaintiff, proceeding *pro se*, filed this action against "Larry Page: 'Google'" in the Circuit Court of Knox County, Tennessee [Doc. 1, p. 1; Doc. 1-1, p. 1].[1] On August 4, 2025, this action was removed by defendant to this Court [Doc. 1].

---

[1] The Court notes that, in its motion to dismiss, defendant provides that "Google LLC is clearly the intended defendant here, a[nd] Mr. Page is used as a mistaken stand-in for 'Google' (particularly as [p]laintiff attempted service solely on Google)" [Doc. 3, p. 1 n.1]. Further, defendant submits that if Mr. Page is intended to be the defendant, he has not been served, his defense is assumed by Google LLC, and the case fails against him "for the same reasons it fails against Google" [*Id.*].

Plaintiff's *pro se* complaint is, respectfully, difficult for the Court to comprehend. Plaintiff alleges that she was "hacked" over a year ago by defendant [Doc. 1-1, p. 6]. Specifically, plaintiff asserts that Larry Page[2] met her, offered her a contract to work at Google, and stated that he wanted to make a "movie on how to take away all electronic[s]" and "see how they would react" [*Id.* at 6–7]. Plaintiff appears to contend that since that time, she has had "halograms [sic] after [her]," she is "raped every day," and she is "torture[d]" [*Id.* at 7]. Further, plaintiff claims that "they," presumably defendant, "had poison coming in[to] [her] home [and] cameras everywhere," causing her to sell her home and move into a motel [*Id.*]. However, plaintiff asserts that she is still being recorded, and that there are cameras in every motel room she rents [*Id.* at 10].

In addition to these allegations, plaintiff submits that defendant ruined a car she bought, robbed various phone companies "in data" using her phone, and robbed her of $50,000 [*Id.* at 7]. In response to these happenings, plaintiff states that she contacted the Blount County police and the FBI, but neither organization helped her [*Id.* at 9]. Plaintiff appears to state that she turned to drugs to cope with defendant's actions, causing her to be arrested and eventually enter rehab [*Id.* at 10].

Defendant moves for plaintiff's complaint to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6) [Doc. 3]. As noted above, plaintiff did not respond to defendant's motion to dismiss, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). Under this Court's local rules, "[f]ailure to respond to

---

[2] As noted by defendant, Mr. Page is the co-founder of Google LLC.

a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court notes that in addition to failing to timely respond, plaintiff also failed to respond to the Court's show cause order entered on September 2, 2025, giving plaintiff 10 days to show cause as to why defendant's motion should not be granted as unopposed [Doc. 11]. Despite plaintiff's failure to respond, the Court will analyze whether defendant has met its burden in deference to plaintiff's *pro se* status.

## II. Standard of Review[3]

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may, at any time, *sua sponte* or upon the motion of a party, dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A plaintiff bears the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023).

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x

---

[3] Although defendant brings its motion to dismiss under Rule 12(b)(6) in the alternative, the Court does not find the need to include the standard of review for Rule 12(b)(6) given the conclusion reached *infra*.

611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III.    Analysis**

The Court finds that plaintiff's complaint warrants dismissal pursuant to Rule 12(b)(1). The statements and assertions set forth in plaintiff's pleading fail to meet basic pleading requirements and are implausible, frivolous, and devoid of merit. Plaintiff's allegations characterize, in total, a "fantastic or delusional scenario[]." *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (citation omitted) (affirming the district court's order dismissing plaintiff's complaints as frivolous, noting that plaintiff's allegations were delusional and lacked an arguable basis in law or fact); *accord Watkins v. F.B.I.*, No. 3:14-CV-656-CRS, 2015 WL 339584, at *1 (W.D. Ky. Jan. 23, 2015) (citation omitted) ("Examples of clearly baseless factual contentions include 'claims describing fantastic or delusional scenarios.'"). Specifically, plaintiff describes being hacked by defendant, a company, which has led to holograms coming after her, assaults, poisoning, property damage, robbery, and 24/7 recording [Doc. 1-1, pp. 6–10].

The Court notes that other courts within this Circuit have dismissed cases with comparable complaint allegations pursuant to Rule 12(b)(1). *See, e.g.*, *Jackson v. Apple*, No. 5:22 CV 928, 2022 WL 4132883, at *1 (N.D. Ohio Sept. 12, 2022) (the plaintiff alleged a claim for, amongst other things, invasion of privacy and asserted as bases for federal

4

jurisdiction: rape, sexual assault, fraud, and related activity in connection with devices); *Findler v. Wray*, No. 19-cv-11498, 2019 WL 8012085, at *1–4 (E.D. Mich. Nov. 13, 2019) (the plaintiff alleged that FBI employees created a Facebook Group to stalk and harass him, and that members of the group "tracked his movements, accessed and stole information and media from his electronic devices, and published his personal information on the Facebook Group's webpage"); *Day v. Michigan*, No. 2:21-CV-10991, 2022 WL 6581054, at *4 (E.D. Mich. Aug. 11, 2022), *report and recommendation adopted*, No. 21-10991, 2022 WL 4130863 (E.D. Mich. Sept. 12, 2022) (the plaintiff alleged, amongst other things, that the defendants used "neural monitoring and other illegal activities and weapons" against her and her family and that she had been "hacked" by an online service provider); *Walker v. City of Memphis*, No. 15-CV-2340-JDT-TMP, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015), *report and recommendation adopted*, No. 15-2340-JDT-TMP, 2015 WL 3851994 (W.D. Tenn. June 22, 2015) (the plaintiff alleged that stores and restaurants were attempting to poison him, that unknown police officers forced a monitor on him to read his mind, that television and radios stations used the monitor to talk to him, and that the defendants paid "Informants" to sexually assault and harass him).

Furthermore, plaintiff's complaint contains no legal theories upon which a valid claim may rest. While some of plaintiff's allegations could be construed as seeking to assert claims under criminal statutes, "criminal statutes generally do not confer a private right of action and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal law.'" *Jackson*, 2022 WL 4132883, at *2 (quoting

5

*Ohlendorf v. United Food & Com. Workers Int'l Union, Loc. 876*, 883 F.3d 636, 642 (6th Cir. 2018)).

In sum, even liberally construing plaintiff's complaint, the Court finds that it lacks subject-matter jurisdiction over this case, necessitating dismissal.

## IV. Conclusion

For the reasons explained above, defendant's motion to dismiss [Doc. 3] is **GRANTED**, and this case will be **DISMISSED**. A separate judgment order will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE